## STATEMENT OF FACTS

On Wednesday, November 17th, 2021 at approximately 1720 hours in the rear of 550 Newcomb St. S.E. Washington, DC 20032 PSA 707. Metropolitan Police Department (MPD) Officers Sfoglia (Driver) and Farris (Front Passenger) were working the evening tour of duty, in full uniform, and operating an MPD marked cruiser. At the time, officers were cognizant of multiple firearm recoveries within the immediate area of the offense location.

Officers were traveling down the 500 block of Newcomb St. S.E. when their attention was drawn to a male, who upon noticing police presence, quickly got into the driver seat of a heavily tinted black sedan and closed the door. Officers stopped beside the vehicle and observed another male, later identified as Daniel Thomas (hereinafter referred to as the Defendant) appeared to be nervous that officers stopped and had wide eyes while avoiding eye contact with officers. Officer Sfoglia, while still inside is police vehicle, asked the defendant "any guns?" to which the defendant replied words to the effect of "Naw, why would I have any guns? I just got off work." Defendant-Thomas then appeared to adjust his waist and then get into the aforementioned black sedan.

Officer Sfoglia repositioned his vehicle to allow other vehicles to pass and before officers could exit their cruiser to speak with the driver about his heavy tint, the passenger side door opened and the defendant took flight on foot down Newcomb St. towards 4th St. S.E.

Officer Farris pursued on foot and observed the defendant clutching his waistband. Officer Farris gave multiple loud verbal commands, telling the defendant to stop. The defendant kept stopping as if he was going to comply and then would continue to run. As the defendant ran around the other side of the building, a metal-on-metal sound was heard by Officer Farris. When Officer Farris encountered the defendant, after turning the corner into an alley, Officer Farris deployed his OC spray. The defendant was detained and turned over to Officer Sfoglia.  Officer Farris then canvassed the defendant's flight path and observed, in the immediate area where the defendant was previously detained, a black firearm laying on top of leaves by a metal chain-link fence. The firearm appeared clean, with no dirt or rust on it as if it had just been tossed.

The defendant was examined by Engine 15 for OC exposure, verbally identified, placed under arrest, and transported to the 7th District for processing.  The seized firearm was revealed to be a black Highpoint C9 9MM (Serial # P1628575) with one (1) live round in the chamber and an additional seven (7) live rounds in an unknown capacity magazine. There are no firearm or ammunition manufacturers in the District of Columbia. Therefore, the firearm and ammunition in this case would have traveled in interstate commerce

A criminal history check of the defendant through the National Crime Information Center (NCIC) confirmed that the defendant has a prior felony conviction in the District of Columbia Superior Court for Murder II While Armed, case number 2008-CF1-277. The defendant was sentenced to one hundred-eighty (180) months incarceration in that case.  The defendant is currently on supervised release in the aforementioned case. Therefore, the defendant was aware at the time of his arrest in this case that he had prior convictions for crimes punishable by more than one year.

Based on the foregoing, I submit that there is probable cause to believe that THOMAS violated 18 U.S.C. § 922(g), which makes it a crime for a person previously convicted of a crime punishable by a term of imprisonment exceeding one year to possess a firearm and/or ammunition.

_____
OFFICER ERIC FARRIS
METROPOLITAN POLICE DEPARTMENT

*Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 18th day of November 2021.*

_____
ZIA M. FARUQUI
U.S. MAGISTRATE JUDGE